No. 420

No 18146—The Great American Mutual Indemnity Co. v. Dwight Jones    Error to the Court of Appeals of Jackson county.

637. INSURANCE—Construction of an insurance policy capable of different interpretations given most favorable to insured.

2. Automobile accident company held liable for injury caused by collision of with the ground, result of turning short curve.

MATTHIAS. J.

1. An insurance policy which contains language reasonably susceptible to different interpretations will be given the construction most favorable to the assured.

2. Under an insurance policy indemnifying the assured against direct loss or damage to the automobile therein described by "accidental collision with another object, either moving or stationary," and immediately after such provision are the following exceptions and limitations: ("excluding, however, under this clause only, ordinary breakage and all loss or damage by fire arising by reason of accidental collision). Loss or damage to any tire due to puncture, cut, gash, blowout, or other ordinary tire trouble, or in any event, loss or damage to any tire unless caused by an accidental collision which also causes other loss or damage to the insured automobile, shall not be covered hereby," the insurance company is liable for injury to such automobile caused by a collision with the paved roadway as a result of turning a sudden and sharp curve which threw the automobile over on its side.

Judgment affirmed.

Marshall, C. J., Robinson, Day and Allen, JJ., concur. Jones, J., not participating.

---

No. 421

No. 18318—Ralph Hecker. Inspector, etc., Village Cuyahoga Heights, etc., v. State ex rel City of Cleveland, etc.    Error to the Court of Appeals of Cuyahoga county.

801. MUNICIPAL LAW. Garbage plants not to be abolished as nuisance—And not by another municipality, wherein plant is located—Extension thereof not to be prevented by it.

MATTHIAS, J.

1. The state legislature in the exercise of its police power has authorized the erection and operation of garbage plants by municipalities within or without their limits, and any such plant so equipped and operated as to eliminate all avoidable gases, odors and liquids cannot be abolished as a public nuisance.

2. Where, pursuant to law, a municipality has procured land outside of its corporate limits and erected thereon a garbage disposal plant and thereafter such location is brought within the limits of another municipality, the latter cannot thereafter arbitrarily declare such disposal plant a public nuisance, nor by refusing a building permit prevent the extension and enlargement thereof required to meet the needs of said first named municipality, when it appears that the most efficient methods known for the elimination of offensive gases, odors and liquids in the reduction process have been adopted and employed therein.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Day and Allen, JJ., concur.